B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 10−09219**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Justin Scott Afryl
   8737 Narragansett
   Morton Grove, IL 60053

Social Security / Individual Taxpayer ID No.:
   xxx−xx−4836

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

      It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                              FOR THE COURT

Dated: <u>June 22, 2010</u>                              <u>Kenneth S. Gardner, Clerk</u>
                                                                   United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# CERTIFICATE OF NOTICE

```
District/off: 0752-1           User: corrinal              Page 1 of 1                  Date Rcvd: Jun 22, 2010
Case: 10-09219                 Form ID: b18                Total Noticed: 12

The following entities were noticed by first class mail on Jun 24, 2010.
db           +Justin Scott Afryl,   8737 Narragansett,   Morton Grove, IL 60053-2895
aty          +Perry Perelman,   Perry Perelman and Associates,   5200 Golf Rd.,   Skokie, IL 60077-1209
15203321     +Blitt and Gaines, P.C.,   661 Glenn Ave.,   Wheeling, IL 60090-6017
15203325     +Citi Credit Card Bankruptcy,   P.O. Box 20363,   Kansas City, MO 64195-0363
15203326      Foot Health Care Center,   6225 W. Dempster,   Morton Grove, IL 60053-2818
15203327     +Harris Bank N.A. Attn. Legal Dept.,   111 W. Monroe,   Chicago, IL 60603-4096
15203329     +Paul Grosso,   P.O. Box 323,   Prospect Heights, IL 60070-0323

The following entities were noticed by electronic transmission on Jun 23, 2010.
tr           +EDI: FHEFOX.COM Jun 22 2010 21:23:00     Horace Fox, JR,   Lehman & Fox,   6 E Monroe St,
               Chicago, IL 60603-2704
15623728     +EDI: ATLASACQU.COM Jun 22 2010 21:23:00     Atlas Acquisitions LLC,   294 Union St.,
               Hackensack, NJ 07601-4303
15203320      EDI: BANKAMER2.COM Jun 22 2010 21:23:00     Bank of America,   P.O. Box15168,
               Wilmington, DE 19850-5168
15203322     +EDI: CHASE.COM Jun 22 2010 21:23:00     Chase,   P.O. Box 15298,   Wilmington, DE 19850-5298
15203328      E-mail/Text: bankrup@nicor.com                            Nicor Gas,   P.O. Box 2020,
               Aurora, IL 60507-2020
                                                                                              TOTAL: 5

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
15203323*     Chase,   P.O. Box 15298,   Wilmington, DE 19850-5298
15203324*     Chase,   P.O. Box 15298,   Wilmington, DE 19850-5298
                                                                                           TOTALS: 0, * 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 24, 2010**          **Signature:** *Joseph Speetjens*